## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EDWARD O'DONNELL,

    Plaintiff,

v.

                              Civil No. 26-453-BAH

BALTIMORE COUNTY POLICE,

    Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Self-represented plaintiff Edward O'Donnell ("Plaintiff") brought suit against Baltimore County Police ("Defendant") alleging a claim under 42 U.S.C. § 1983 for Defendant's alleged failure to investigate crimes against Plaintiff. ECF 7. Pending before the Court are Defendant's corrected motion to dismiss, ECF 18,[1] and Plaintiff's motion for an emergency hearing, ECF 27. Plaintiff filed an opposition to Defendants' corrected motion to dismiss, ECF 19,[2] and Defendant filed a reply, ECF 25. Some filings include memoranda of law, and Plaintiff has filed exhibits, *see* ECF 21; ECF 22.[3] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Plaintiff's motion for an emergency hearing, ECF

---

[1] Also pending on the docket is Defendants' motion to dismiss, ECF 16, which will be considered superseded by the corrected motion to dismiss and denied as moot. *See Nolan v. Miles*, Civ. No. MJM-22-02488, 2024 WL 732035, at *1 (D. Md. Feb. 22, 2024) (construing a later-filed motion to dismiss as superseding one previously filed).

[2] Plaintiff also filed two supplements to his response. *See* ECF 20; ECF 21.

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

27, is therefore **DENIED**. Moreover, for the reasons stated below, Defendant's corrected motion to dismiss, ECF 18, is **GRANTED**.

## I.   BACKGROUND

Plaintiff filed his complaint in the Circuit Court for Baltimore County bringing a claim under 42 U.S.C. § 1983, alleging that he has received "no help from Baltimore County [Police] on myriad requests." ECF 7, at 2. The complaint makes several vague allegations including that Plaintiff's "Charles Schwab account was hacked again," Plaintiff's "email was hacked to do death threats," Plaintiff has "been abused for years non stop," and alleging that there was an "attempted murder of [Plaintiff] in traffic on Joppa [Road]" in December of 2024. *Id.* at 1. Plaintiff alleges he has received "[n]o help from Baltimore County" and "[n]o answer from [B]altimore cyber unit every time for years." *Id.*

Defendant removed the case to federal court on February 4, 2026, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF 1, at 1. On February 17, 2026, Defendant filed a motion to dismiss, ECF 16, followed by a corrected motion to dismiss, ECF 18. The corrected motion to dismiss is fully briefed and ripe for resolution.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson*, 551 U.S. at 94. Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

## III.   ANALYSIS

42 U.S.C. § 1983 "is not itself a source of substantive rights," but provides "a method for vindicating federal rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). It allows suits against any "person" acting under color of state law who subjects the claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Here, Plaintiff brings suit against "Baltimore County Police" and lists one cause of action under "42, 1983" because he has received "[n]o help from police at all." ECF 7, at 2. A state is not considered a "person" under the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, "[i]t is well established that 'Police Departments are not suable entities' under Section 1983 because they are not 'persons' within the meaning of the

3

statute." *Barnes v. Montgomery Cnty.*, Civ. No. PJM-22-1112, 2023 WL 8454633, at *2 (D. Md. Dec. 6, 2023) (quoting *Fields v. Montgomery Cnty.*, Civ. No. DKC-13-3477, 2014 WL 4231164, at *2 (D. Md. Aug. 26, 2014)); *see also Oram v. Baltimore Cnty. Police Dep't*, Civ. No. SAG-23-399, 2024 WL 964214, at *3 (D. Md. Mar. 6, 2024) (explaining that "Baltimore County Police Department is not a 'person' within the meaning of 42 U.S.C. § 1983" and is therefore "not subject to suit under § 1983"). As such, Baltimore County Police is not a proper defendant in this action.

Moreover, the complaint is subject to dismissal on the merits because Plaintiff fails to allege that any of his federally protected rights were violated. "The right Plaintiff alleges was violated is his right to have his claims investigated by the police[.]" *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Md. 1999). "However, no such right exists." *Id.*; *see also Gilliam v. Sealey*, 932 F.3d 216, 240 (4th Cir. 2019) ("[I]n general, there is no independent constitutional right to investigation of a third party."). Accordingly, Plaintiff has failed to state a claim on which relief may be granted against Baltimore County Police, and Plaintiff's complaint must be dismissed.

Plaintiff filed a supplement to his response to the corrected motion to dismiss that includes several additional allegations, claims, and legal arguments. *See* ECF 20. In this supplement, Plaintiff writes "that the wrong respondent was named on the lawsuit which is to Baltimore County Police and not to Baltimore County Municipality which is determined to be the correct respondent." *Id.* at 2. Plaintiff then asks the Court whether he "need[s] to have the lawsuit amended or refiled and addressed to the proper respondent or is that not necessary?" *Id.* at 8. In general, "[s]imply requesting leave to amend in a response in opposition to a motion to dismiss does not constitute a proper motion for leave to amend." *Harris v. Hogan*, Civ. No. BAH-21-0298, 2024 WL 1580186, at *6 (D. Md. Apr. 11, 2024) (citing *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008) (finding that a motion for leave to amend was "never

4

properly made" where the plaintiffs "requested leave to amend only in a footnote of their response to defendants' motion for leave to amend, and again in the final sentence of their objections to the recommendation of the magistrate judge" and did not provide a proposed amended complaint to the district court). Nevertheless, the Court will deny Plaintiff's informal request to amend as futile.

While leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), a court may deny leave to amend when amendment would be futile, prejudicial, unduly delayed, or where there has been bad faith on the part of the moving party. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986)). "Municipalities face liability under § 1983 only if they cause the deprivation of a federal right 'through an official policy or custom.'" *Robinson v. Lioi*, Civ. No. CCB-12-192, 2012 WL 2992251, at *2 (D. Md. July 18, 2012) (quoting *Carter v. Morris,* 164 F.3d 215, 218 (4th Cir. 1999)), *aff'd,* 536 F. App'x 340 (4th Cir. 2013). Given that Plaintiff fails to allege the violation of any federal right, amendment to name "Baltimore County Municipality" as a defendant instead of Baltimore Police Department would be futile. Accordingly, Plaintiff's complaint is dismissed, and Plaintiff's informal request to amend is denied.

## IV.   **CONCLUSION**

For these reasons, it is this 27th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1) Defendant's corrected motion to dismiss, ECF 18, is GRANTED, and the complaint is DISMISSED;

2) Plaintiff's informal request to amend is DENIED;

3) Defendant's motion to dismiss, ECF 16, is DENIED as moot;

4) Plaintiff's motion for an emergency hearing, ECF 27, is DENIED; and

5

5) The Clerk is directed to CLOSE this case and MAIL a copy of this memorandum and

   order to Plaintiff.

Dated: <u>May 27, 2026</u>

                                          <u>        /s/        </u>
                                            Brendan A. Hurson
                                            United States District Judge